18-2452-cv
*Reichert v. Perdue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand nineteen.

PRESENT:   RICHARD C. WESLEY,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MELISSA REICHERT,

                    *Plaintiff-Appellant*,

            v.                                          18-2452-cv

SONNY PERDUE, Secretary, United States
Department of Agriculture,
                    *Defendant-Appellee*.\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        STEPHEN BERGSTEIN, Bergstein & Ullrich,
                                LLP, New Paltz, New York.


FOR DEFENDANT-APPELLEE:         BENJAMIN WEATHERS-LOWIN, Assistant
                                United States Attorney (Gregory L. Waples,

---

\* The Clerk of the Court is respectfully requested to amend the official caption to the above.

Assistant United States Attorney, *on the brief*) *for* Christina E. Nolan, United States Attorney for the District of Vermont, Burlington, Vermont.

Appeal from the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Melissa Reichert appeals the district court's July 24, 2018 judgment dismissing her claims against defendant-appellee Sonny Perdue, Secretary, United States Department of Agriculture (the "USDA"), for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1976 (the "ADEA"), 29 U.S.C. § 621 *et seq.* The district court explained its reasoning in a memorandum and order entered the same day, granting the USDA's motion for summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Reichert contends that she was reassigned from her position as a Forest Planner in the United States Forest Service (the "Forest Service") on the basis of her gender and age. On appeal, she contends that the district court erred in granting summary judgment because the record established a prima facie case of discrimination and the USDA's proffered explanation for the reassignment was pretextual. Reichert

does not appeal the district court's dismissal of her age and sex discrimination claims based on her non-selection for a promotion or her retaliation claims.

Construed in the light most favorable to Reichert, the evidence before the district court established the following: Reichert has been a Forest Service employee since 2001 and was stationed for most of that time on the Green Mountain and Finger Lakes National Forests (the "GMFLNF"), two separate national forests located in southwestern and central Vermont and western New York that are administered together. From approximately February 2001 to February 2014, Reichert held the position of Forest Planner. Forest Planner functions included the development and oversight of revised land and resource management plans. In 2009, Reichert applied for the position of Recreation Program Manager, but was not selected. The following year, Reichert sought and completed a 120-day assignment as Acting Recreation Program Manager. The Forest Planner position was eliminated as part of a workforce restructuring effort of the GMFLNF that was implemented in or about 2013 (the "Reorganization"). Human Resources subsequently reassigned Reichert to the position of Recreation Program Manager. Recreation Program Manager functions include formulation of policies, practices, and procedures for Forest Service recreation programs.

On June 12, 2015, Reichert filed this complaint, alleging the USDA discriminated and retaliated against her under Title VII and the ADEA. After the district court granted the USDA's motion for summary judgment, this appeal followed.

"We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 108 (2d Cir. 2013). Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We analyze Reichert's Title VII and ADEA discrimination claims under the three-step *McDonnell Douglas* burden-shifting framework. *See Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). To establish a prima facie case of sex or age discrimination, an employee must show that (1) she belongs to a protected class or age group, (2) she was qualified for her position, (3) her employer took adverse action against her, and (4) the adverse action occurred in circumstances giving rise to an inference of discrimination. *See id*. at 137-38. Once an employee establishes a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its actions. *See id.* at 138. If the employer does so, the burden then shifts back to the employee to show that the employer's explanation is a pretext for discrimination. *See id.* The employee must thus

show both that there was a pretext and that the pretext was intended to mask an illegal or discriminatory motive.  *See Fisher v. Vassar Coll.*, 114 F.3d 1332, 1337-38 (2d Cir. 1997) (en banc) (observing that pretext may mask an unsavory, but not illegal, motivation such as "back-scratching, log-rolling, horse-trading, institutional politics, envy, nepotism, spite, or personal hostility").  "[T]o defeat summary judgment . . . the [employee's] admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the [employer's] employment decision was more likely than not based in whole or in part on discrimination."[1] *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (per curiam) (internal quotation marks omitted) (second and third brackets in original).

We need not decide whether Reichert's reassignment was an adverse employment action because, even assuming that Reichert presented sufficient evidence to establish a prima facie case of discrimination, the USDA offered ample evidence of a legitimate, non-discriminatory basis for Reichert's reassignment, and Reichert failed to demonstrate a triable issue of fact as to whether the explanation was a pretext for sex or age discrimination.

---

[1] In the ADEA context, unlike in the Title VII context, a plaintiff must prove "that age was the 'but-for' cause of the challenged adverse employment action and not just a contributing or motivating factor."  *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (internal quotation marks omitted).

The record contains substantial evidence that the Forest Service experienced budget declines and rising fixed costs for several years leading up to the Reorganization of the GMFLNF. In 2011, the Forest Service projected budget cuts beginning in 2011 and continuing with increasing severity through 2015. In light of these projected cuts, the Forest Supervisor initiated the Reorganization with the approval of the Regional Forester. After extensive analysis of workforce needs, the Forest Leadership Team identified eleven positions to eliminate on the GMLFNF, five of which were occupied, including Reichert's Forest Planner position. Reichert presented no concrete evidence to suggest that the Reorganization was not undertaken for budgetary reasons. On this record, no reasonable jury could find that the economic reasons cited by the USDA to support the need for the Reorganization are pretextual.

Moreover, Reichert presents no evidence of age discrimination and virtually no evidence of gender discrimination. The only facts that support a gender discrimination claim are that a Civil Rights Impact Analysis (the "CRIA") indicated that the Reorganization would have a greater impact on women than men because most of the directly affected employees held positions organized within the Public Services Staff Area. It is undisputed, however, that the Public Services Staff Area was 80 percent women, and indeed most of the affected employees were women. The CRIA noted that these impacts would be alleviated by the ability of Human Resources officials to

reassign affected employees into vacant Forest Service positions, and all affected employees were successfully reassigned.

The record shows that Reichert was reassigned to the position of Recreation Program Manager by a Human Resources specialist who determined that the position directly matched the "pay plan, series, grade and comp[etitive] level" of Reichert's Forest Planner position. App. at 559. Reichert unsuccessfully applied for the Recreation Program Manager position in 2009, completed a 120-day detail as the Acting Recreation Program Manager of the GMFLNF in 2010, and explained during her deposition that she felt the Recreation Program Manager position was an "ideal" position for someone in her landscape architect job series. App. at 461. On this record, no jury could find that Reichert's reassignment was a pretext for discrimination on the basis of her age or gender.

Reichert argues that the Forest Service's rationalizations for the Reorganization are "suspect." Appellant's Br. at 22. Assuming Reichert could demonstrate that her reassignment was pretextual, however, she must also demonstrate that the ultimate reason for the reassignment was discrimination on the basis of her age or sex. In the absence of evidence that these decisions were motivated by age or sex discrimination, we will not "sit as a super-personnel department that reexamines [the Forest Service's] judgments." *Chen v. City Univ. of N.Y.*, 805 F.3d 59, 73 (2d Cir. 2015) (internal quotation marks and citation omitted). Reichert has not identified sufficient

evidence to permit a jury to find pretext or, assuming there was pretext, that any pretext

was to mask discrimination. *See McDonnell Douglas*, 411 U.S. at 803-05; *see also Bickerstaff

v. Vassar Coll.*, 196 F.3d 435, 456 (2d Cir. 1999) (explaining that "feelings and perceptions

of being discriminated against are not evidence of discrimination") (internal quotation

marks and brackets omitted)).

\*   \*   \*

We have considered Reichert's remaining arguments and conclude they

are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 8 -